UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
NOV 03 2015


| | |
|---|---|
| JERAD PAUL ROGGENBAUER,<br><br>Plaintiff,<br><br>vs.<br><br>DAN LIMOGES, Sherriff at Union County Jail, in his individual and official capacity,<br><br>Defendant. | 4:15-CV-04156-LLP<br><br><br>ORDER DIRECTING SERVICE |

## INTRODUCTION

Plaintiff, Jerad Paul Roggenbauer, filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that Dan Limoges violated his constitutional rights. Plaintiff is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. This Court screened Roggenbauer's complaint pursuant to 28 U.S.C. § 1915A. For the reasons below, his complaint survives screening.

## FACTUAL BACKGROUND

In November 2014, Roggenbauer was incarcerated at the Union County Jail. Docket 1 at 4. He alleges he protested the denial of his constitutional rights, and Union County Jail employees assaulted him in response. *Id.* Roggenbauer alleges Limoges and another officer held his arms, and Limoges ordered a third officer to tase him. *Id.* After defendant let Roggenbauer go, he ordered another officer to shoot Roggenbauer with taser darts. *Id.* Limoges

then put Roggenbauer in a restraint chair, restrained him, told him he "messed with the wrong people," punched him in the face, and tased him three more times. *Id.* at 5. Roggenbauer believes this was done because he was arrested by a relation of Limoges. *Id.*

Roggenbauer is now incarcerated in SDSP. He filed this complaint on October 8, 2015. Docket 1. He raises claims of retaliation and excessive force against Limoges. *Id.* at 4-5. He claims injuries of taser burns, taser dart holes, an injured jaw, slight bruising, and mental deterioration. *Id.* at 4-5, 7. In relief, Roggenbauer requests compensation for his injuries.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

Liberally construed, Roggenbauer raises claims under the 8th and 14th Amendments for excessive force and retaliation.

### I. Excessive Force

A pretrial detainees' right to be free from excessive force arises under the Due Process Clause of the Fourteenth Amendment. *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) (citing *Putman v. Gerloff*, 639 F.2d 415, 419 (8th Cir. 1981)). "[T]he Due Process Clause affords pretrial detainees at least as much protection as the Eighth Amendment provides to convicted prisoners." *Id.* (citing *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003)). If the alleged use of force violates the Eighth Amendment, it necessarily violates the Fourteenth Amendment. *Id.* Roggenbauer's incarceration status is not clear from his complaint. At this stage, however, it does not matter because his complaint states a claim under the Eighth Amendment.

"When confronted with a claim of excessive force alleging a violation of the Eighth Amendment, the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Roggenbauer's

3

complaint alleges force that was maliciously meant to cause harm. He claims he was beaten and tased while restrained because Limoges was related to the officer who arrested him. Docket 1 at 5. This is not "a good-faith effort to maintain or restore discipline . . . ." Roggenbauer states a claim under the Eighth Amendment.

## II. Retaliation

Liberally construed, Roggenbauer's complaint raises a claim of retaliation. Roggenbauer claims he was retaliated against for "[i]nvoking [his] freedom of speech to protest [his] constitutional rights being denied." Docket 1 at 4. After this, he was assaulted.

> To prevail on a § 1983 claim for retaliation in violation of the First Amendment, [a prisoner] must demonstrate (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity.

*Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)). Roggenbauer alleges he invoked his right to freedom of speech, a protected activity. The beating "would chill a person of ordinary firmness from continuing in the activity . . . ." Construed liberally, Roggenbauer alleges this beating was motivated in part by his speech against the constitutional violations. Roggenbauer states a claim of retaliation on which relief may be granted.

## III. Roggenbauer's Filing Fee.

Both the legislative history and the case law interpreting the Prison Litigation Reform Act (PLRA) instruct that unsuccessful prison litigants, like

4

any other litigants, do not receive their filing fees back if their cases are dismissed. Even if his surviving claims are unsuccessful, Roggenbauer remains responsible for the balance of the $350.00 filing fee.

Therefore, it is ORDERED

1. Roggenbauer's complaint (Docket 1) survives screening pursuant to § 1915A.

2. The United States Marshal shall serve a copy of the complaint (Docket 1), Summons, and this Order upon defendant as directed by plaintiff. All costs of service shall be advanced by the United States.

3. Defendant will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

4. Roggenbauer will serve upon defendant, or, if appearance has been entered by counsel, upon his counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendant or his counsel.

Dated November 3rd, 2015.

BY THE COURT:

_____
LAWRENCE L. PIERSOL
UNITED STATES DISTRICT JUDGE